UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BROWN, also known as MICHAEL WARNER, | ) ) ) |
| Plaintiff, | ) Case No. 1:15-cv-10054 ) |
| v. | ) Judge John W. Darrah ) |
| TIMOTHY LUNNINGHAM, | ) Magistrate Judge Mary M. Rowland ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On February 25, 2015, Plaintiff filed an Amended Complaint, alleging two claims related to an incident that occurred while he was incarcerated and a prisoner of the State of Illinois in the Illinois Department of Corrections (the "IDOC") at Sheridan Correctional Center in Sheridan, Illinois ("Sheridan"). These claims are pursuant to Title 42 U.S. Code § 1983 of the Civil Rights Act of 1971 (Count I) and a state-law tort claim of battery (Count II). Defendant filed a Motion to Dismiss Count II of Plaintiff's Amended Complaint [12] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, Defendant's Motion to Dismiss [12] is granted in part and denied in part.

## BACKGROUND

On November 5, 2014, Plaintiff was incarcerated and a prisoner of the State of Illinois in the IDOC at Sheridan. (Compl. ¶ 3.) Plaintiff has since been released from custody and control of the IDOC. (*Id.* ¶ 4.) Defendant was a corrections officer holding the rank of sergeant and was charged with the duty and responsibility to hold roll call for prisoners that wanted to attend class during that day. (*Id.* ¶ 5, 6.) Plaintiff was instructed to follow the procedure for roll call for prisoners who planned to attend class during the day. (*Id.* ¶ 8.) Plaintiff offered his name while

the Defendant was checking-in other inmates.  (*Id*. ¶¶ 8-9.)  Defendant instructed the Plaintiff not to offer Plaintiff's name when the Defendant was checking in other inmates.  (*Id.*)  Defendant warned Plaintiff of potential punishment if the Plaintiff continued to speak out of turn.  (*Id.*)  Plaintiff continued to speak out of turn, and Defendant knocked the class materials out of the Plaintiff's hands and gave verbal commands to the Plaintiff, instructing him to put his hands behind his back.  (*Id.* ¶ 10.)  While Defendant was handcuffing Plaintiff, Plaintiff alerted Defendant that his left arm was injured and that the arm could not be positioned behind his back.  (*Id.* ¶ 11.)  Plaintiff alleges that Defendant responded, "Fuck your arm," and then cuffed the Plaintiff's hands behind his back.  (*Id.* ¶ 11.)  Plaintiff sustained an additional injury and aggravation to his left shoulder.  (*Id.* ¶ 14.)  Plaintiff's Amended Complaint seeks action against the Defendant in both his individual and in his official capacity.  (*Id.* ¶ 7.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element."  *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015).  Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis."  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).  When evaluating a Rule

12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Twombly*, 550 U.S. at 555-56. The plaintiff bears the burden of establishing that the suit is properly brought in federal court. *Turpin v. Koropchak,* 567 F.3d 880, 883 (7th Cir. 2009) (citing *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008)).

## ANALYSIS

Defendant argues that Count II is barred because Plaintiff cannot recover damages against Defendant in his official capacity and that Plaintiff's state-law claim of battery is barred by the doctrine of sovereign immunity. As a preliminary matter, Plaintiff conceded that Defendant cannot be sued under section 1983 for damages for actions taken in his official capacity. Thus, to the extent that Plaintiff is requesting monetary damages against Defendant for actions taken in his official capacity, Defendant's Motion to Dismiss is granted.

As previously stated, Count II of Plaintiff's Amended Complaint is a state-law battery claim. (Compl. ¶¶ 19-26.) The Illinois State Lawsuit Immunity Act provides that the State of Illinois is immune from suit in any court, except as provided in the Illinois Court of Claims Act, which vests jurisdiction over state tort claims against the State in the Illinois Court of Claims. *See* 705 Ill. Comp. Stat. 505/8. (2009). These state immunity rules apply to state-law claims in federal court. *Id*. A suit is against the State when

> there are (1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within the employee's normal and official functions of the State, then the cause of action is only nominally against the employee.

*Healy v. Vaupel,* 549 N.E.2d 1240, 1247-51 (Ill. 1990); *Richman v. Sheahan*, 270 F.3d 430 (7th Cir. 2001). The "proper inquiry is to analyze the source of the duty the employee is charged

3

with breaching in committing the allegedly negligent act." *Currie v. Lao*, 592 N.E.2d 977, 980 (Ill. 1992); *Magdziak v. Byrd*, 96 F.3d 1045, 1049 (7th Cir. 1996).

An action is against the State when there are no allegations that an agent or employee of the State acted beyond the scope of his authority through a wrongful act. *Turpin*, 567 F.3d at 883. "[F]or purposes of determining whether an agent's acts are within the scope of his authority, the fact that the agent's act was not specifically authorized is not dispositive, so long as it is of the general kind he is authorized to perform, and is motivated, at least in part, by a purpose to serve the principal." *Richman*, 270 F.3d at 442. Furthermore, "if there are no allegations that the defendant was acting for a purpose unrelated to his employment, the fact that the conduct was willful and wanton does not take the conduct outside the defendant's scope of agency for purposes of sovereign immunity." *Id.* Plaintiff alleges that Defendant's "actions failed to maintain and protect the welfare . . . and in fact did injury to the welfare of Plaintiff" and that Defendant "cuffed Plaintiff's hands behind his back with severe and unnecessary force." (Compl. ¶¶ 23, 11.) Plaintiff makes no allegations that the Defendant was acting for a purpose unrelated to his employment or outside the scope of his authority.

When the complained-of actions involve matters ordinarily within the employee's normal and official functions of the State, the cause of action is only nominally against the employee. *Richman*, 270 F.3d at 442. Plaintiff alleges that causing injury is not ordinarily within the Defendant's normal and official functions. (Pl.'s Resp. ¶ 3.) It is within the official functions of correctional officers, like Defendant, to carry and deploy handcuffs while they are working as correctional officers. *See* 20 Ill. Adm. Code 501.20, 40, and 110. Defendant was working and acting as a correctional officer when he handcuffed Plaintiff.

4

Finally, the last factor to consider is whether the duty alleged to have been breached was not owed to the public generally, independent of State employment. *Turpin,* 567 F.3d at 883. In *Turpin*, the Seventh Circuit viewed this factor as a question of whether or not the defendant breached a duty owed by all citizens, or a duty held exclusively by State employees working that specific State job. *Id.* Plaintiff argues that Defendant had a duty not to engage in the unauthorized touching of another person causing injury and that all persons have a duty not to commit battery, independent of State employment. (Pl.'s Resp. ¶ 2.) While the specific circumstances involve an interaction between Plaintiff and Defendant while Plaintiff was incarcerated, Plaintiff alleges that Defendant breached his duty not to commit battery, not his duty not to handcuff an inmate in a particular manner while working in his official capacity. The source of the duty Defendant is charged with breaching is not that of his State employment, but a general duty owed by all citizens. *See Cruz v. Cross*, No. 08 C 4873, 2010 WL 3655992, at *4 (N.D. Ill. Sept. 10, 2010) ("To the extent that these claims [for assault and battery] involve a duty, it is a duty that all people owe to all other members of the general public. Consequently, any liability [defendant] may have for assault and battery arises independently of [their] State employment."); *Donelson v. Prado,* No. 09 C 6227, 2011 WL 941233, at *7 (N.D. Ill. Mar. 16, 2011) ("…the duty to not commit an assault or a battery arises independently of state employment, which means that sovereign immunity does not defeat [plaintiff's] assault and battery claims."); *see also Sweeney v. Burras,* No. 12 C 564, 2014 WL 1018190, at *8 (N.D. Ill. Mar. 16, 2014) (declining to dismiss assault and battery claims because "duties they breached are duties that are not specific to their state employment.") Thus, Plaintiff's claim is not barred by the doctrine of sovereign immunity. Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint is denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [12] is granted in part and denied in part. To the extent that Plaintiff is requesting monetary damages against Defendant for actions taken in his official capacity, Defendant's Motion to Dismiss is granted. Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint is denied.


Date:  10/27/16                                       /s/  JOHN W. DARRAH
                                                     United States District Court Judge